IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JEFFERY WAYNE WANSLEY                                                          PETITIONER

VS.                                                       CIVIL ACTION NO. 4:10-CV-00149-CWR-FKB

MISSISSIPPI DEPARTMENT OF CORRECTION, et al.                     RESPONDENTS

REPORT AND RECOMMENDATION

This cause is before the undersigned on Respondents' Motion to Dismiss the petition of Jeffery Wayne Wansley for habeas corpus relief pursuant to 28 U.S.C. §2254 [Docket No. 8], as well as Petitioner's Motion in Support of Relief [Docket No. 18], Petitioner's Motion for Hearing [Docket No. 20], Petitioner's Motion to Compel [Docket No. 23] and finally, Petitioner's Motion Requesting a Fair and Impartial Ruling [Docket No. 26]. Having considered Respondents' Motion, together will all the parties' filings related to the foregoing motions, the Court concludes the Motion to Dismiss is well taken and recommends that it be granted. The undersigned recommends that all Petitioner's motions be denied.

I. FACTS AND PROCEDURAL HISTORY

The underlying facts are described in Wansley v. State, 798 So. 2d 460 (Miss. 2001). Petitioner was convicted, following a jury trial in the Newton County Circuit Court, of sale of a controlled substance within 1, 500 feet of a church and sentenced to thirty years imprisonment. Id. at 461. On appeal Wansley argued that there was insufficient evidence to convict him and that there was insufficient proof the sale took place within 1500 feet of a church. Wansley additionally asserted an ineffective assistance of counsel claim. The Mississippi Supreme Court

1

affirmed Wansley's conviction. Id. at 465.

Wansley does not challenge his conviction in his current habeas petition, nor does he argue the alleged sale was not within 1500 feet of a church. Rather, he contends that several years into his incarceration, the Mississippi Department of Corrections (MDOC) incorrectly applied a sentence enhancement, causing him to lose privileges and causing him to be denied parole. According to the Petition, Wansley became eligible for parole in 2008, applied and was granted parole. However, when he applied for parole (this contradicts his statement that it had been granted) an enhanced penalty was placed on his prison time sheet. Docket No. 1, p. 7. Wansley filed a complaint or grievance through the MDOC Administrative Remedy Program (ARP). He received a first step response on September 23, 2009, but alleges he received no second step response or third step response, though he claims to have attempted to pursue the matter through those steps. Wansley did not file suit in state court after not receiving a response through the ARP.

Wansley filed a Motion for Correction of Criminal Disposition and Clarification of Sentence in the Newton County Circuit Court, which was denied as an action seeking post-conviction relief without first seeking leave to file from the Mississippi Supreme Court. Docket No. 8, Exhibit 6. When the motion was filed before the Mississippi Supreme Court, that court concluded the motion was not well taken and therefore denied. Docket No. 8, Exhibit 5. Specifically, the Order reads in part:

> Petitioner asks that this Court clarify whether his sentence has been improperly enhanced by the Mississippi Department of Corrections and to deem him eligible for parole. After due consideration the panel finds that the Motion for Clarification is not well taken and should be denied.

Docket No. 8, Exhibit 5.

The Petition before the Court alleges: "GROUND ONE: parole eligibility." The supporting facts described by Wansley are:

> Petitioner is eligible for parole, according to MCA § 47-7-3 and Senate bill 2136.
> MDOC states that petitioner has an enhanced penalty, however, petitioner did not receive an enhanced sentence, therefore, he shouldn't be subjected to an enhanced penalty.

Docket No.1, p. 4.

## II. DISCUSSION

1.  Petitioner's Claim and Respondents' Motion.

Wansley claims that because *he could have been* sentenced to sixty years pursuant to Miss. Code Ann. § 41-29-142, but was not, MDOC cannot consider that he was convicted of sale within 1500 feet of a church when determining whether to grant parole. He even cites portions of the State's brief in support of its motion to dismiss a previous habeas petition he filed regarding the merits of his sentence. In that case the State asserted, as Wansley does now, that Wansley was not under an enhanced sentence pursuant to Miss. Code Ann. § 41-29-142 since he was not sentenced to more than thirty years, the maximum penalty for sale of cocaine. Miss. Code Ann. § 41-29-139(b).

Respondents, however, argue in response to the current Petition that Wansley has failed to state a claim for which habeas relief is available since he has not alleged the violation of any federal right, merely that the state is incorrectly interpreting its own statutes regarding discretionary parole. Wansley, on the other hand, claims he is being deprived of a liberty interest.[1] Docket No. 9, p. 7. Respondents also assert that should the court determine Wansley

---

[1] As a "memorandum" in support of his response to the Motion to Dismiss, Petitioner filed a 75 page hodge-podge which appears to address every issue he has ever raised in any court

3

has alleged a constitutional deprivation, his petition should be dismissed on the merits since the judgment of the Newton County Circuit Court clearly indicates Wansley was convicted as charged. Wansley was indicted pursuant to Miss. Code Ann. § 41-29-139 and § 41-29-142. Docket No. 8, Exhibit 1; Docket No. 8, Exhibit 7.

2.     Whether Petitioner has Stated a Claim.

The court notes that in Irving v. Thigpen, 732 F.2d1215 (5th Cir. 1984), the Fifth Circuit held that Mississippi's parole statute is discretionary and does not create any constitutionally protected liberty interest. Habeas relief is not warranted absent an allegation of deprivation of a constitutionally protected right. 28 U.S.C. § 2254. Miss. Code Ann. § 47-7-3 provides, in pertinent part:

> (1) Every prisoner who has been convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi Department of Corrections for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the department, and who has served not less than one-fourth ( 1/4 ) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided, except that:
> .....
>         (h) No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except that an offender convicted of only nonviolent crimes after June 30, 1995, may be eligible for parole if the offender meets the requirements in subsection (1) and this paragraph.... For purposes of this paragraph, "nonviolent crime" means a felony other than

---

concerning his underlying convictions and requests for post-conviction relief. Docket No. 10. These issues are not before the court on the current Petition. Moreover, at page 44 of Petitioner's "memorandum" there is an order from the Mississippi Supreme Court denying Wansley's second state court petition for post-conviction relief as time barred and barred as a successive petition. Page 45 is an order by the Mississippi Supreme Court denying Petitioner's Motion for Rehearing.

>homicide, robbery, manslaughter, sex crimes, arson, burglary of an occupied dwelling, aggravated assault, kidnapping, felonious abuse of vulnerable adults, **felonies with enhanced penalties**, the sale or manufacture of a controlled substance under the Uniform Controlled Substances Law, felony child abuse, or exploitation or any crime under Section 97-5-33 or Section 97-5-39(2) or 97-5-39(1)(b) or 97-5-39(1)(c) or a violation of Section 63-11-30(5). An offender convicted of a violation under Section 41-29-139(a), not exceeding the amounts specified under Section 41-29-139(b), may be eligible for parole. In addition, an offender incarcerated for committing the crime of possession of a controlled substance under the Uniform Controlled Substances Law after July 1, 1995, shall be eligible for parole.
>....
>
>(3) The State Parole Board shall, by rules and regulations, establish a method of determining a tentative parole hearing date for each eligible offender taken into the custody of the Department of Corrections. The tentative parole hearing date shall be determined within ninety (90) days after the department has assumed custody of the offender. Such tentative parole hearing date shall be calculated by a formula taking into account the offender's age upon first commitment, number of prior incarcerations, prior probation or parole failures, the severity and the violence of the offense committed, employment history, whether the offender served in the United States Armed Forces and has an honorable discharge, and other criteria which in the opinion of the board tend to validly and reliably predict the length of incarceration necessary before the offender can be successfully paroled.
>
>(4) Any inmate within twenty-four (24) months of his parole eligibility date and who meets the criteria established by the classification board shall receive priority for placement in any educational development and job training programs. Any inmate refusing to participate in an educational development or job training program may be ineligible for parole.

As the Thigpen Court noted, the Mississippi parole statute says may, not shall, and therefore "does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach." Id. at 1217-18. This conclusion was reiterated in Scales v. Mississippi State Parole Board, 831 F.2d 565 (5th Cir. 1987)(*per curiam*)("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest."). Accordingly, Wansley's Petition must be dismissed.

5

3. Standard of Review if the Petition Does State a Claim.

The state court decided the issue raised in the instant Petition, on the merits, though without a written explanation. The United States Supreme Court has held that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011). Accordingly, the standard of review for this court is set forth in 28 U.S.C. § 2254(d)(1)-(2). Id. This section provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Under the applicable law contrary to clearly established federal law means the State court either "applie[d] a rule that contradicts the governing law set forth in our cases" or in a case with facts "materially indistinguishable from a decision of this Court" arrived at a different conclusion. Williams v. Taylor, 529 U.S. 362, 405-406, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000).

In Wiggins v. Smith, 539 U.S. 510, 520, 123 S. Ct. 2527, 156 L. Ed.2d 471 (2003), the Supreme Court "made clear that the 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts' of

petitioner's case." Thus, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473, 127 S. Ct. 1933, 167 L. Ed.2d 836 (2007). The Supreme Court has recently observed that if "this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786. There is a "'highly deferential standard for evaluating state-court rulings,' Lindh v. Murphy, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), which demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed.2d 279 (2002) (per curiam).

In reviewing the State court's factual findings, including implied findings, this Court defers to the state court's factual determinations unless they were "' based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000)(quoting 28 U.S.C. § 2254(d)). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784. In the absence of a statement of reasons from the state court, "a habeas court must determine what arguments or theories...could have supported...the state court's decision; and then it must ask whether it is possible fair minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786. According to the Supreme Court, this inquiry is the "'only question that matters under § 2254(d)(1).'" Id. (quoting Lockyer v. Andrade, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so

long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L.Ed. 2d 938 (2004)).  The fact that petitioner may have presented the state court with what the federal court believes to be a "strong case for relief does not mean the state court's contrary conclusion was unreasonable."  Id.

Applying the foregoing to Wansley's Petition, the Court concludes that Wansley is not entitled to habeas relief even if he has stated a cognizable habeas claim.  The Mississippi Supreme Court considered Wansley's claim concerning his parole date.  The state court could reasonably have concluded that the sale of cocaine within 1500 feet of a church alone, the offense of which Wansley was convicted, was sufficient reason for MDOC's action with respect to Wansley's parole.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that the Petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 11th day of July, 2011.

s/F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
