**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JEFFERY WAYNE WANSLEY**            **PETITIONER**

**v.**            **CAUSE NO. 4:10-CV-149-CWR-FKB**

**MISSISSIPPI DEPARTMENT OF**            **RESPONDENTS**
**CORRECTIONS; EMMITT L.**
**SPARKMAN**

## ORDER

Before the Court is respondents' motion to stay. Docket No. 58. Petitioner Jeffery Wayne Wansley has responded in opposition. Docket No. 60. Respondents have not filed a rebuttal.

### I. Background

On April 30, 2013, this Court entered an Order in this habeas proceeding which affirmed Wansley's conviction, affirmed his 30-year sentence, and found that under well-established Mississippi law, he was entitled to a parole hearing. Docket No. 56. The next day, a Final Judgment was entered directing respondents to "allow Wansley to seek a vote on parole from the Mississippi Parole Board in a timely fashion, pursuant to the same procedure afforded other inmates with non-enhanced sentences." Docket No. 57. Respondents' motion to stay followed shortly thereafter.

### II. Present Arguments

Respondents argue that the parole hearing should be stayed because they "will present a substantial case on the merits of a legal issue, which . . . will have a likelihood of success on appeal. That is, the claim to be raised on appeal by respondent is such that reasonable jurists can differ, as evidenced by the fact that the Magistrate Judge and this Court disagreed as to the disposition of the issue raised herein." Docket No. 58, at 2. They contend that Wansley's parole hearing would constitute irreparable injury, then assert that if Wansley is granted parole, reversal by the Fifth Circuit would force the State to reincarcerate Wansley, "thereby potentially implicating possible due process questions." *Id.* at 3 & n.1.

### III. Legal Standard

In determining whether a stay pending appeal is warranted, a district court is required to consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009) (quotation marks and citation omitted). "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Id.* at 427 (quotation marks and citations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

**IV.    Discussion**

As to the first factor, respondents have not made a strong showing that they are likely to succeed on the merits. Their motion, in fact, does not present any argument or cite any case, statute, or other authority on the merits of this case. While respondents have stated their intent to "present a substantial case on the merits of a legal issue," they have not stated *which* of several potential issues they believe they will succeed on, much less explained in a sentence why they believe they will prevail.

Further, respondents' claim that "reasonable jurists can differ" simply parrots the standard for obtaining a certificate of appealability – a procedure which is inapplicable here – and is no substitute for making some argument on the merits, however brief. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (reciting standard for a petitioner to receive a certificate of appealability).

On the second factor, respondents may be correct that a hearing before the Mississippi Parole Board would require an expenditure of time and resources. But they have made no argument and cited no law that such an expenditure would constitute irreparable injury. For all we know, the incremental cost to the Mississippi Parole Board of considering one additional request for parole is as likely to be *de minimis* as it is to be irreparable. That is not enough to justify a stay pending appeal, since "simply showing some possibility of irreparable injury fails to satisfy the second factor." *Nken*, 556 U.S. at 434-35 (quotation marks and citation omitted).

In addition, respondents have not considered the other side of the resources equation: the past and present expense of continuing to incarcerate a person who was entitled to a parole hearing years ago. Respondents have not met their burden on this element. *See Belcher v. Birmingham Trust Nat'l*

2

*Bank*, 395 F.2d 685, 686 (5th Cir. 1968) (finding that bare assertions of irreparable injury "will not suffice").

The Fifth Circuit has found it unnecessary to consider the third factor in cases such as this, "since it comes into play only when there has been a showing by the movants of probable success and irreparable injury." *Id.* For the record, though, other parties will be substantially harmed by issuance of a stay. Respondents' incorrect interpretation of a clear Mississippi statute and well-established Mississippi case law has already caused Wansley several years of delay in receiving a parole hearing. Any more delay in Wansley receiving the same process that other inmates with non-enhanced sentences receive would only serve to worsen his constitutional injury.

Finally, respondents' contention that "the granting of the stay will serve the public interest" is deficient, as they have not explained how the public interest would be served by staying the Order.[1] Docket No. 58, at 3. It may be arguable that this factor is in equipoise. Certainly the public has an interest in its state officials and agencies complying with their duties under state law, regardless of whether that state law grants or denies persons in Wansley's situation a parole hearing. In this instance, however, Mississippi's statutes and cases uniformly point toward permitting Wansley a parole hearing. And it does not serve the public interest to incur costs of incarceration to bar an inmate from seeking parole when he is entitled to a parole hearing, since those expenditures may be unnecessary.

The public also has an interest in having its state's attorneys consistently interpret and apply the law to its citizens. As the Court's earlier Order found, that has not been done here, since the State's position with respect to Wansley's sentence made a complete about-face between 2002 and the present, for no apparent reason. In addition to the above, therefore, the public interest factor supports denying a stay of a Court Order drawing attention to a party's plainly inconsistent positions.

To sum up the four factors, respondents have not made a merits argument or even attempted to cite any statute or case supporting their potential merits arguments; have an explanation of

---

[1] In contrast, in a nearly identical motion to stay filed in another habeas case proceeding along a similar timeline as ours, counsel for respondents wrote that "the granting of the stay will serve the public interest, as the victims in this case were severely affected by these crimes and deserve the right to have appellate review of this matter on their behalf." *Hughes v. Epps*, No. 1:09-cv-284, Docket No. 18, at 3 (N.D. Miss. Mar. 29, 2013). In our case, though, counsel has failed to articulate any public interest served by denying Wansley a vote on parole.

irreparable injury that is unsupported; would continue to deny Wansley the due process other persons with non-enhanced sentences already receive; and have not explained how the public interest is served by paying to incarcerate a man who was entitled to a parole hearing years ago. These factors weigh in favor of denying the motion for stay pending appeal. *See Hilton v. Braunskill*, 481 U.S. 770, 778 (1987) ("Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release. Where the State's showing on the merits falls below this level, the preference for release [in Federal Rule of Appellate Procedure 23(c)] should control.") (citations omitted).[2]

Respondents have also claimed a risk of mootness if the Order is not stayed. That is not accurate, in part because this case is "capable of repetition, yet evading review." *See Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 462 (2007) ("As the District Court concluded, however, these cases fit comfortably within the established exception to mootness for disputes capable of repetition, yet evading review."). In fact, respondents' assertion that a legal memorandum from the Mississippi Attorney General's Office, which allegedly says that no persons convicted under Mississippi Code § 41-29-142(1) may ever be paroled, means that Wansley's situation is actually happening over and over again to other persons convicted under that statute. This controversy is not moot.

More to the point, though, it is time to recognize that a parole hearing is probably inevitable in Wansley's case. If the Fifth Circuit reverses on a matter of procedure and finds Wansley's merits arguments appropriate for resolution by a state court, that state court will have to apply a straightforward statute and a series of consistent decisions by the Mississippi Supreme Court. Not a single state law authority contradicts this Court's conclusion that because Wansley's sentence was not enhanced by the sentencing judge, Wansley is entitled to a vote from the Mississippi Parole Board. Therefore, whatever the outcome of this habeas petition on appeal, Wansley likely will

---

[2] Wansley is not eligible for immediate release. In his context, it is appropriate to substitute the release mentioned in cases like *Hilton* for a vote by the Mississippi Parole Board, as that is the ultimate relief he is entitled to under the law.

ultimately receive a parole hearing at the conclusion of future state court proceedings.[3]

The question, then, is whether a parole hearing should be held sooner or later. An earlier parole hearing complies with Mississippi law right now and provides a pathway for the state to avoid a continued constitutional violation – and perhaps avoid further costs of incarceration, depending on the Mississippi Parole Board's vote. A later parole hearing delays those same prospects, causing harm to Wansley's legal rights and incurring *certain* expense to the taxpayers, who continue to fund this litigation either way. These circumstances provide further support for the outcome of the four-factor test: denial of the motion to stay.

## V.     Conclusion

Respondents have either failed to make necessary arguments in support of a stay pending appeal or failed to support their arguments with any authority beyond their own say-so. That is not enough to satisfy their burden. As a result, the motion for stay is denied.

**SO ORDERED**, this the 20th day of June, 2013.

>                        s/ Carlton W. Reeves
>                        UNITED STATES DISTRICT JUDGE

---

[3] Contrary to what respondents argue, *see* Docket No. 58, at 3 & n.1, the greater due process concern here is maintaining custody over Wansley while depriving him of the right to have a parole hearing. Respondents fail to acknowledge that just because Wansley receives a hearing does not mean that the Parole Board will grant him the relief he seeks.